688 So.2d 1024 (1997)
DEPARTMENT OF REVENUE on Behalf of Jamie M. BENNETT, Appellant,
v.
David W. MILLER, Jr., Appellee.
No. 96-1722.
District Court of Appeal of Florida, Fifth District.
March 7, 1997.
*1025 Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Ard, Assistant Attorney General, Tampa, for Appellant.
No Appearance for Appellee.
ANTOON, Judge.
The Department of Revenue (DOR) appeals the final order entered sua sponte by the trial court dismissing with prejudice its petition for paternity. We reverse.
DOR filed the paternity petition on behalf of Ms. Jamie Bennett against appellee, Mr. David Miller, asserting that Mr. Miller was the biological father of Ms. Bennett's child. The petition also alleged that Mr. Miller was obligated to provide support for the child. Mr. Miller filed an answer in which he denied the allegations and asserted the defense that at the time of the child's conception he was incapable of consenting to any sexual act because he was under the age of sixteen. Upon review of these pleadings, the trial court entered a sua sponte order dismissing the paternity petition, explaining:
The putative father at time of conception was 15 years of age (his date of birth August 12, 1979). The mother was living in the youth's family home as a guest and apparently seduced the fifteen year old young man resulting in her subsequent pregnancy. She was age 20 at the time. No criminal prosecution was instituted since the sexual act was by a person age 20 having unlawful sex with a minor over age 12, but less than 18. Apparently, consent is not an issue in the commission of this felony.
The trial court further determined that Mr. Miller could not be held accountable for the financial support of the child because he was the victim of a sexual battery. The trial court then ruled that, "regardless of actual paternity," there was no cause of action against Mr. Miller because he was fifteen years old at the time the child was conceived. We reverse because there is no legal authority in Florida to support this ruling.
In dismissing the paternity action, the trial court relied upon section 794.011(8)(b), Florida Statutes (1995).[1] However, such reliance was misplaced. A manifestation of public policy in favor of protecting children, the statute provides that the willingness or consent of a child is not a defense to the crime of sexual battery when the perpetrator is in a position of familial or custodial authority. The statute plainly pertains to the guilt of a person charged with sexual battery upon a child, while having nothing to do with the child support obligations of a biological parent. The statute does not create a defense for minor putative fathers in paternity actions.
While there are no Florida cases on this issue, courts in other states have reached the same result. In State ex rel. Hermesmann v. Seyer, 252 Kan. 646, 847 P.2d 1273 (1993), the Kansas supreme court considered the question of whether a 13-year-old victim of *1026 sexual battery could rely on the "statutory rape" law as a defense in a paternity action. Unlike Florida's statute which provides that a minor's "willingness or consent is not a defense" to the crime, the Kansas statute stated that "[A] person under 15 years of age is incapable of consent as a matter of law." The Kansas court nevertheless concluded that the issue of consent was irrelevant in a civil action to determine paternity. Id. 847 P.2d at 1277. The Kansas court did not address the question of whether lack of actual consent (apart from the statutory definition) could form the basis of a defense to an action to establish paternity:
Although the question of whether the intercourse with Colleen was "voluntary," as the term is usually understood, is not specifically before us, it was brought out in oral argument before this court that the sexual relationship between Shane and his baby sitter, Colleen, started when he was only 12 years old and lasted over a period of several months. At no time did Shane register any complaint to his parents about the sexual liaison with Colleen.
State ex rel. Hermesmann v. Seyer, 847 P.2d at 1277.
A similar result was reached in In re the Paternity of J.L.H., 149 Wis.2d 349, 441 N.W.2d 273 (App.), rev. denied, ___ Wis.2d ___, 443 N.W.2d 313 (1989), wherein the putative father was 15 years old at the time his 18½-year-old girlfriend conceived a child. As a defense to the paternity action, the putative father relied on a Wisconsin statute which provided that "[a] person under 15 years of age is incapable of consent as a matter of law," but persons 15 to 17 are presumed to be incapable of consent to sexual intercourse. Rejecting the putative father's assertion that he was legally incapable of consent under Wisconsin's statutory rape statute, the court ruled that the Wisconsin statute "pertains to the guilt of a criminal defendant, not to the civil rights or duties of the [putative father]." Id. 441 N.W.2d at 275. As in Hermesmann, the court did not reach the question of whether the defense of actual consent was available to the putative father.
Colorado also confronted this issue in Schierenbeck v. Minor, 148 Colo. 582, 367 P.2d 333 (1961). Although the specific language of the Colorado criminal statute was not included in the opinion, the court did not mince words in addressing the defense of nonage raised by a sixteen-year-old father in a paternity action:
Certain it is that his assent to the illicit act does not exclude commission of the statutory crime, but it has nothing to do with assent as relating to progeny. His youth is basic to the crime; it is not a factor in the question of whether he is the father of [the child].
Id. 367 P.2d at 335. We adopt the reasoning expressed in the cases cited above.
We note that the question of whether actual nonconsent may constitute a defense in a paternity action is not before us. As noted above, the petition was dismissed sua sponte as a matter of law before any evidence was presented.
Implications of a paternity adjudication extend well beyond the issue of a father's current ability to pay support. In this regard, paternity adjudications affect the rights of both the biological father and the child. For instance, once paternity is established, the child becomes an heir under Florida's intestacy law. Also, even if little or no support is awarded at the conclusion of the paternity action, support can become available if the father's financial status improves in the future. The rights of the child cannot be permanently foreclosed because his father was a minor at the time of conception.
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] Section 794.011 defines the crime of sexual battery as follows:

794.011 Sexual battery.
* * * * * *
(8) Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:
* * * * * *
(b) Engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (1)(h) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 794.011(8)(b), Fla.Stat. (1995).